IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALAN BLOOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-972-WKW [WO] |
| | ) |
| ERIC SHINSEKI, | ) |
| in his official capacity as | ) |
| Secretary of the Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This suit is an employment discrimination action against the Secretary of the Department of Veterans Affairs, Eric Shinseki, in his official capacity. The Plaintiff is Mr. Alan Bloom, who was employed by the Department of Veterans Affairs ("VA"). Mr. Bloom alleges that he was terminated from his position due to discrimination against his race, gender, and religion. Secretary Shinseki has moved to dismiss Mr. Bloom's Title VII claim or, in the alternative, for summary judgment on his claim. (Doc. # 10.) Mr. Bloom has responded in opposition to the motion to dismiss (Doc. # 14), and Secretary Shinseki replied (Doc. # 20). Because resolution of the motion to dismiss requires review of evidence outside the pleadings, the court will consider this motion under the summary judgment standard. *See Trustmark Ins.*

*Co. v. ESLU, Inc.*, 299 F. 3d 1265, 1267 (11th Cir. 2002).  The motion is ready for resolution.  Based upon careful consideration of the arguments of counsel, the relevant law and the evidence submitted, Secretary Shinseki's motion for summary judgment is due to be granted.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. § 2000e-5(f)(3).  The parties do not contest personal jurisdiction or venue, and the court finds that there are allegations sufficient to support both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Bloom, a white Jewish male, alleges race discrimination, religious discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII").[1]  He contends that his supervisor, Shirley

---

[1] Count One includes a reference to 42 U.S.C. § 1981 in the header, but the only claim that was stated was for relief under Title VII. (Doc. # 1 at 4.)  No relief is sought under § 1981. (Doc. # 1, "Prayer for Relief.")

Bealer,[2] harassed him and applied agency rules in a discriminatory fashion against him.  Mr. Bloom alleges that he was unfairly disciplined for using a government vehicle for personal use, and that he was excluded from meetings and messages that frustrated his ability to perform his job.

Prior to this lawsuit, Mr. Bloom filed an informal charge of discrimination with the VA through the Equal Employment Opportunity Commission ("EEOC") and signed a notice of rights and responsibilities form.  Mr. Bloom designated Michael Boyle as his attorney and filed his attorney's address with the EEOC. (Doc. # 10, Ex. 1 ¶ B.)  This notice included a provision that Mr. Bloom had a duty to keep the VA aware of his current address and that he "must claim any certified mail sent" to him. (Doc. # 10, Ex. 1 ¶ L.)  The notice of rights also stated that if Mr. Bloom sought judicial review of his allegations he needed to file a suit within ninety days of receipt of the agency's final decision on any formal complaint. (Doc. # 10, Ex. 1 ¶ J.)  Plaintiff subsequently filed a formal complaint against the VA on March 23, 2009,

---

[2] While an appearance was entered for Ms. Bealer, a review of the Complaint reveals that the only claim was asserted against Secretary Shinseki, and not against Ms. Bealer.  Ms. Bealer is listed in the Complaint as a relevant third party, but she is not identified as a defendant in either the caption or body of the Complaint.  (*See, e.g.*, Doc. # 1 ¶ 5.)  Additionally, Mr. Bloom did not request service on Ms. Bealer.  Moreover, there is ample authority that Ms. Bealer is not a proper defendant to this Title VII lawsuit.  *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of [Title VII].").  Accordingly, the Clerk of the Court will be directed to strike the listing of Ms. Bealer as a defendant from the court's electronic record.

alleging that he had been discriminated against due to his race, gender, and religion, and once again designating his attorney as his representative at the same address.

On May 27, 2011, EEOC Administrative Law Judge Kimberly Greenleaf granted the VA's motion for summary judgment on the claims in Plaintiff's formal EEO complaint. ALJ Greenleaf mailed the decision to Plaintiff and his attorney at their addresses of record, as well as to the Veterans Affairs Office of Employment Discrimination Complaint Adjudication ("OEDCA"). The ALJ's decision contained a notice that "EEOC regulations require the Agency to take final action on the complaint by issuing a final order within forty calendar days of receipt of the hearing file and this decision." (Doc. # 10, Ex. 2 at 35.)

OEDCA issued a Final Agency Decision ("FAD") for the VA on Plaintiff's complaint on June 14, 2011, within the forty days set by the regulation. The FAD adopted and implemented the decision of the Administrative Law Judge. OEDCA sent the Final Agency Decision by certified mail to Mr. Bloom and his attorney of record on June 14, 2011. (Doc. # 10, Ex. 2 ¶ 4.) On June 17, 2011, the United States Postal Service attempted to deliver the FAD to Mr. Bloom's residence. Because no one signed for the FAD, the post office left a form at Mr. Bloom's house indicating that the VA had sent him a piece of certified mail that he had to pick up and sign for at the post office. (Doc. # 10, Ex. 2 ¶¶ 3–4; Ex. A.)

The Postal Service attempted a second delivery and left a second notice on June 22, advising Mr. Bloom that he had until July 6, 2011, to pick up the certified mail before it would be returned to sender. (Doc. # 10, Ex. 2 ¶ 5; Ex. B.) Mr. Bloom did not pick up the FAD, and it was returned to the sender on July 6, 2011. Mr. Bloom and his wife submit declarations claiming that they never received any notice that certified mail regarding "this issue" was waiting for them at the post office. (Doc. # 16.) Mr. Bloom further states that he did not receive any registered or certified mail in his mailbox. (Doc. # 16.)

The FAD was also sent to Mr. Bloom's attorney at the address Mr. Bloom provided in his informal and formal EEO complaints. This copy of the FAD was also returned "unclaimed" after several unsuccessful delivery attempts. Mr. Bloom's counsel stated that he moved offices in April 2009, and his mail forwarding for the previous address expired in April, 2010. A current or correct attorney address for Mr. Bloom's attorney was never provided to the EEOC or to OEDCA. Mr. Bloom was finally notified of the FAD when OEDCA subsequently arranged for hand-delivery of the FAD to him at work on August 18, 2011.

Mr. Bloom filed his Title VII lawsuit on November 15, 2011, barely within ninety days of the August 18, 2011 hand delivery of the FAD but more than ninety

5

days after both the attempted deliveries of the certified mail to his home address and to his attorney.

### III.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24.  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2).  To avoid summary judgment, the non-moving

6

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

## IV. DISCUSSION

Secretary Shinseki has moved for summary judgment on Mr. Bloom's Title VII lawsuit, arguing that he failed to timely comply with administrative requirements, and that he is procedurally foreclosed from pursuing his claim. The Secretary argues that Mr. Bloom failed to file his suit within ninety days of receipt of the FAD. Mr. Bloom argues that receipt of the decision occurred on August 18, 2011, and he should not be charged with receipt of the FAD before that date. As explained below, the attempted deliveries to Mr. Bloom and his attorney constituted constructive receipt of the FAD and started the ninety-day period for filing a lawsuit. Because Mr. Bloom cannot show that his lawsuit was timely since it was not filed within ninety days of when he and his attorney are deemed to have received notice of the VA's final agency action, summary judgment is due to be granted in favor of the Secretary.

Before a federal employee can proceed with a Title VII lawsuit, he must satisfy certain mandatory administrative exhaustion requirements. *See Grier v. Sec'y of the*

*Army*, 799 F.2d 721, 724 (11th Cir. 1986).  A plaintiff who wishes to file a lawsuit after exhausting these administrative avenues must do so "within 90 days of receipt of notice of final [agency] action" on his claim.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a).  When a plaintiff is represented by counsel during the administrative process, the time period for filing a lawsuit begins to run from the date the plaintiff or his attorney receives notice of the final agency action, whichever occurs first.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).  The plaintiff bears the burden of showing that his lawsuit is timely.  *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-1234 (11th Cir. 2002).  The Supreme Court has noted that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts" and that "strict adherence" to exhaustion requirements is the "best guarantee of evenhanded administration of the law." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

The Eleventh Circuit has "adopted a case-by-case approach in determining what constitutes receipt and when the [ninety day] time is triggered" because of its recognition that plaintiffs bear a minimal responsibility to ensure timely receipt of the final agency decision.  *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).  The Eleventh Circuit has held that a plaintiff who receives notice from the Postal Service of an attempted delivery of mail regarding his EEOC

complaint has a *de minimus* responsibility to retrieve the mail within three days of the attempted delivery. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1341 (11th Cir. 1999); *see also De Luca v. Chertoff*, No. 06-61465, 2007 WL 2083602, at *3 (S.D. Fla. July 18, 2007) ("When a complainant has reason to know that she received mail from the federal agency considering her case, she has a de minimus responsibility to obtain the letter and act upon it in a timely manner.").

In *Zillyette*, the Postal Service made two attempts to deliver a final EEOC decision by certified mail to the plaintiff. *See* 179 F.3d at 1338–39. The Postal Service left a standard certified mail form disclosing the sender and indicating that the mail could be picked up at the post office but that it would be returned to the sender after a certain period of time. *See id.* The plaintiff picked up his EEOC decision six to sixteen days after the attempted delivery, and filed his suit ninety-eight days after the attempted delivery, or five days too late under the court's calculations. *See id.* Since the plaintiff did not timely retrieve the mail and had no reasonable explanation for his failure to exercise diligence, the court held that his lawsuit was untimely. *See id.* at 1341–42. The court noted that "[t]o hold otherwise would permit [a plaintiff] simply to defer the retrieval of the letter and thus to manipulate the 90-day time limit" and render it meaningless. *Id.* at 1341. The court further noted

9

that this holding "provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue." *Id.* at 1342.

The Secretary presented evidence that Mr. Bloom received the FAD on June 17, 2011, when the Postal Service left a PS Form 3849 at his address, notifying him he had certified mail from the Department of Veterans Affairs. (*See* Doc. # 10, Ex. 4 ¶¶ 3-4)  The Secretary also presented evidence that the Postal Service had made a second attempt to deliver the FAD on June 22, 2011, before it was returned to the sender on July 6, 2011.  The Secretary's evidence also showed that the postal carrier's standard practice was to include the sender's name on the certified mail card, and that the certified mail card reflected that it was official business from the VA.  Along with the postal affidavits, the Secretary includes the tracking information for the FAD sent to Mr. Bloom, which corroborates his argument.

Mr. Bloom argues that a material dispute of fact exists over when he received his right to sue letter from the EEOC.  (Doc. # 14 at 5.)  Mr. Bloom claims that he never received the certified mail notices.  However, neither Mr. Bloom nor his wife refuted the evidence provided by the Secretary.  Mr. Bloom first argues that the blank sample post office certified mail form submitted by the Secretary in support of his motion reveals that Mr. Bloom could not have been aware of who the sender was.  However, as the Secretary indicated, this was merely a sample provided to the court,

and not the actual form given to Mr. Bloom. Mr. Bloom cites various excerpts from cases without analysis or explanation, which appear to be copied and pasted standards from various EEOC cases.

As for his evidence, Mr. Bloom submitted a declaration that he did not receive either notice in his mailbox, and his wife submitted a declaration that she did not receive these notices either, although she admits to being out of the country during the period when they would have been delivered. This evidence does not demonstrate a basis for excusing Mr. Bloom's receipt, and it does not refute the Secretary's evidence. The detailed explanation of mailing procedures provided by the Secretary is sufficient to raise a presumption that the FAD was properly mailed. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Without contrary evidence from Mr. Bloom, credence is given to the Secretary's version of events.

Additionally, the FAD was mailed to Mr. Bloom's counsel, who admittedly did not update his mailing address with the EEOC or the OEDCA. This copy of the FAD was also returned "unclaimed" after several unsuccessful delivery attempts. Mr. Bloom's counsel stated that he moved offices in April 2009, and his mail forwarding for the previous address expired in April 2010. Mr. Bloom offers nothing to excuse his counsel's neglect for failing to provide a current mailing address or new mail forwarding, which likely would have resulted in a timely receipt of the FAD.

Because he did not update his information with the EEOC or OEDCA, Mr. Bloom's attorney failed to take reasonable steps to insure delivery of the notices and bears some fault for the delay in obtaining the FAD. *See Moore v. Henderson*, 174 F. Supp. 2d 767, 773–74 (N.D. Ill. 2001).

The uncontested evidence regarding the delivery notices requires the conclusion that Mr. Bloom did not meet his minimal burden of retrieving the letter in a timely manner or showing a reason why he should be excused for not exercising diligence. Eleventh Circuit case law sets the date of receipt as June 20, 2011, three days after the Postal Service first left notice at his address. *See Zillyette*, 179 F.3d at 1341–42. Mr. Bloom filed this lawsuit on November 15, 2011, almost 150 days after the first date of service. It is, thus, untimely.[3]

Although Mr. Bloom's claim was filed outside the statutory period, it is within the court's discretion to consider the application of equitable tolling. "The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Leonard v. Rumsfeld*, 146 F. Supp. 2d 1227, 1237 (M.D. Ala. 2001) (quotation marks and internal citations omitted). There are limited circumstances in which equitable tolling may be appropriate. Among them are (1) "the statutory notice does not advise the plaintiff of the ninety-day limitations

---

[3] The presumed delivery occurred well within ninety days of the date of the FAD, leaving Mr. B with ample time from June 20, 2011, to file.

12

period," (2) "the plaintiff is misled by further communication from the EEOC or agency as to the limitations period," (3) there is a court-procedure-based delay, or (4) there is "affirmative misconduct on the part of the defendant." *Id.* at 1237–38 (citing *Irwin*, 498 U.S. at 96)). Equitable tolling does not extend to a plaintiff's lack of due diligence or excusable neglect, *Irwin*, 498 U.S. at 97, or to counsel's avoidable delays. *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999). Equitable tolling is reserved for plaintiffs whose delays in filing are reasonable and justified under the circumstances. That is not the situation here for the reasons cited early in this opinion. Summary judgment is due to be entered for the Secretary because Mr. Bloom failed to comply with the administrative requirements for filing his Title VII claim.

## V.  CONCLUSION

Accordingly, it is ORDERED that the Secretary's motion for summary judgment (Doc. # 10) is GRANTED.

It is further ORDERED that the Clerk of the Court STRIKE Ms. Bealer as a defendant from the court's electronic record.

An appropriate judgment will be entered.

DONE this 12th day of September, 2012.

                                      /s/   W. Keith Watkins  
                                CHIEF UNITED STATES DISTRICT JUDGE